# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Ciara Thomas, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | |
| vs. ) | |
| ) | |
| Receivable Performance ) | **COMPLAINT WITH** |
| Management, LLC, ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Ciara Thomas, is a natural person who resides in Wayne County, Georgia.

2. Defendant, Receivable Performance Management, LLC, is a limited liability corporation registered to do business in Georgia. Defendant may be served

1

with process via its registered agent, Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Fulton County, Georgia.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of cellular phone service provided by T-Mobile USA and is, therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

12. The Plaintiff is allegedly indebted to T-Mobile USA (hereinafter referred to as T-Mobile) for cellular service products and services.

13. T-Mobile has retained the services of the Defendant to pursue collection of this debt from the Plaintiff.

14. As part of its efforts and in connection with its collection of the debt, the Defendant reported the account in collection from T-Mobile to the Plaintiff's credit file; and specifically, to Experian, a national credit reporting agency.

15. In that report, the Defendant reported a total debt of $3,504.00.

16. The total being collected by Defendant and reported to Experian is inflated by fees that were neither authorized under any contractual agreement

between the Plaintiff and T-Mobile nor available to T-Mobile or the Defendant under Georgia law nor have they been incurred.

17. The relationship between the Plaintiff and T-Mobile is governed by a terms and conditions agreement that extends to its controlled subsidiaries, assignees, and agents.

18. Included within the terms and conditions of the agreement are provisions that relate to collection fees. The agreement provides,

> "If you fail to pay on time and we refer your account to a third party for collection, a collection fee will be assessed by T-Mobile and will be due with the time of the referral to the third party. The fee will be calculated as a percentage of the amount due to the extent permitted, or not otherwise prohibited, by applicable law."

19. The Fair Debt Collection Practices Act specifically provides that the collection of any amount, including fees, charges, or any other expense incidental to the principal obligation, is prohibited unless such amount is *expressly* authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1), (emphasis added).

20. The section addressing collection fees as contained in the terms and conditions agreement that binds both the Plaintiff and the original creditor is

intentionally vague regarding the assessment of any collection fee and as such is not "expressly authorized" by the agreement.

21. A percentage-based collection fee assessed before the collector attempted to collect the balance due does not bear any correlation to the actual cost of the collector's collection effort and is thus a violation of the FDCPA. *See, Bradley v. Franklin Collection Service, Inc.*, 739 F.3d 606, 609 (11th Circuit, 2014).

22. The Defendant has actual knowledge of T-Mobile's practice of adding a collection fee to accounts such as the Plaintiff's at time of placement.

23. The Defendant's communications to the Plaintiff seeking the amount of $3,504.00 are objectively false and materially misleading.

24. The Defendant's communication to Experian and, by extension its subscribers as to the total amount owed by the Plaintiff is objectively false and materially misleading.

25. The false information reported by the Defendant to Experian has been published to at least three individual third parties.

**INJURIES-IN-FACT AND DAMAGES**

26. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016

U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

27. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

28. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

29. Defendant is subjecting Plaintiff to false, deceptive, and unfair means to collect the debt.

30. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, and unfair debt collection practices;

b.) Defendant's false and misleading communications to leading credit reporting bureaus were akin to defamation of the Plaintiff resulting in subscribers to the credit reporting services receiving a false impression of Plaintiff's credit worthiness and debt-to-income ratio;

c.) Anxiety and worry caused by concern that Plaintiff was being called upon to pay an improper claim and that Defendant was intending to engage in false credit reporting. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

31. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

***Violations of 15 U.SC. § 1692e and its subparts***

32. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

33. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

34. "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

35. "Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983). Indeed, its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

36. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l*

*Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

37. The Defendant's communications to the Plaintiff and to third parties to the effect that the balance currently owed is $3,504.00 we're objectively false and materially misleading, and a violation of 15 U.S.C. §§ 1692e, 1692e(8) and 1692e(10).

***Violations of 15 U.SC. § 1692f and its subparts***

38. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived lack of sophistication of the Plaintiff.

39. Defendant's conduct and including unincurred collection fees violated 15 U.S.C. § 1692f(1).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, et seq.

40. Plaintiff incorporates by reference paragraphs 1 through 39 as though fully stated herein.

41. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

42. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

43. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

44. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

45. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

46. Defendant's conduct has implications for the consuming public in general.

47. Defendant's conduct negatively impacts the consumer marketplace.

48. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

49. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

50. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

51. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

52. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 10th day of November, 2022.

                         **BERRY & ASSOCIATES**

                         */s/ Matthew T. Berry*
                         Matthew T. Berry
                         Georgia Bar No.: 055663
                         matt@mattberry.com
                         2751 Buford Highway, Suite 600
                         Atlanta, GA 30324
                         Ph. (404) 235-3300
                         Fax (404) 235-3333

                         *Plaintiff's Attorney*